UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN M. JOHNSON, JR.,

        Petitioner,

v.

        Case No. 3:23-cv-1452-HES-SJH

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

        Respondent.

---

## ORDER

### I.    Status

Petitioner John M. Johnson, Jr., an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Doc. 1. Petitioner challenges a state court (Duval County, Florida) judgment of conviction for aggravated battery with a deadly weapon. He is serving a fifteen-year prison sentence. Respondent filed a Response with exhibits, arguing that the Petition is untimely and requesting dismissal of this case with prejudice. Doc. 10. Petitioner filed a Reply. Doc. 11. This case is ripe for review.[1]

---

[1] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system

## II.  Evidentiary Hearing

"In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The Court finds that "further factual development" is unnecessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

## III.  One-Year Limitation Period

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct

2

review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## IV.   Analysis

On October 26, 2016, Petitioner pleaded no contest to aggravated battery with a deadly weapon. Doc. 10-2. On the same day, he was sentenced to an agreed-upon term of fifteen years' imprisonment. Id.; Doc. 10-3. Petitioner did not file a timely notice of appeal. Doc. 10-24 at 4. Thus, his conviction became final on November 25, 2016—the deadline to file a notice of appeal. See Bailey

v. Sec'y, Fla. Dep't of Corr., No. 3:20-cv-1463-TJC-LLL, 2024 WL 964197, at *3 (M.D. Fla. Mar. 6, 2024) ("Because Petitioner did not appeal the [ ] judgment and sentence, his conviction became final when the time to file a direct appeal in the state court expired: thirty days after entry of the judgment. . . ."). The limitation period did not begin to run at that point, however. That is because on November 1, 2016—three weeks before his conviction became final— Petitioner filed a motion to reduce sentence under Florida Rule of Criminal Procedure 3.800(c). Doc. 10-4. The trial court denied the motion on November 30, 2016. Id. at 3. Because the denial of a Rule 3.800(c) motion is unappealable, the limitation period began to run the next day—December 1, 2016. See Hymes v. Sec'y, Dep't of Corr., No. 8:22-cv-2922-KKM-UAM, 2023 WL 7299890, at *2 (M.D. Fla. Nov. 6, 2023) ("Because the denial of [the Rule 3.800(c)] motion was not appealable, [the] AEDPA limitation period began running again the next day, August 8, 2018."); Spaulding v. State, 93 So. 3d 473, 474 (Fla. 2d DCA 2012) ("It is well established that an order denying a motion under [R]ule 3.800(c) is not appealable.").

The clock ran for 82 days until February 21, 2017, when Petitioner moved for postconviction relief under Rule 3.850. Doc. 10-12 at 9. The court dismissed the motion on August 16, 2017, and Petitioner did not appeal.[2] Doc.

---

[2] Respondent argues that the Rule 3.850 motion had no tolling effect because it was dismissed for lack of jurisdiction. Doc. 10 at 9. The Court assumes, in Petitioner's

4

10-13; Doc. 10-24 at 4. Thus, the clock resumed on September 15, 2017—the deadline to appeal the Rule 3.850 order. See Hollinger v. Sec'y Dep't of Corr., 334 F. App'x 302, 304 (11th Cir. 2009) ("[Petitioner] did not appeal the denial of his Rule 3.850 motion at that time. Thus, his AEDPA clock began to run again on June 16, 2005 (30 days after the May 17, 2005 order).").

At that point, Petitioner had 283 days—or until June 25, 2018—to seek federal habeas relief. He missed the deadline by over five years, filing his § 2254 Petition on December 4, 2023. Doc. 1 at 1. Therefore, this action is untimely.[3]

Petitioner appears to contend that he is entitled to equitable tolling. Doc. 1 at 11; Doc. 11 at 7-9. To receive equitable tolling, a petitioner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his

---

favor, that the Rule 3.850 motion tolled the limitation period. Even with that favorable assumption, the § 2254 Petition is untimely.

[3] In January 2017, Petitioner filed a petition for a belated direct appeal in the First District Court of Appeal. Doc. 10-7. The petition was denied "on the merits." Doc. 10-11 at 2. Therefore, it had no tolling effect. See Carsten v. Dixon, No. 5:22-cv-50-TKW-HTC, 2022 WL 17095397, at *2 (N.D. Fla. Oct. 24, 2022) ("A petition for belated appeal that is denied does not toll the AEDPA period during its pendency."), adopted by 2022 WL 17095916 (N.D. Fla. Nov. 21, 2022). Petitioner also filed several postconviction motions after June 25, 2018, the deadline to seek federal habeas relief. E.g., Doc. 10-14 at 2. But "a state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001).

§ 2254 petition. Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required is "reasonable diligence," not "maximum feasible diligence." Holland, 560 U.S. at 653 (citation omitted).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 701 (11th Cir. 2004); see also Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." San Martin, 633 F.3d at 1268.

In support of his request for equitable tolling, Petitioner alleges that in February 2022, he learned "for the first time that there were no sworn written statements from the victims or witnesses." Doc. 1 at 11. According to Petitioner, he made this discovery when the Jacksonville Sheriff's Office

6

responded to his January 2022 "public records request" for "written" witness statements. Doc. 10-21 at 11, 21.

These allegations are insufficient to warrant equitable tolling. Even assuming that Petitioner needed the requested information to prepare a federal habeas petition, he fails to show that he "pursu[ed] his rights diligently." Holland, 560 U.S. at 651. Petitioner was sentenced in October 2016, but he did not submit his public records request until January 2022. Doc. 10-2; Doc. 10-3; Doc. 10-21 at 21. Petitioner provides no reason why he waited over five years to seek this information. Nor is there any indication that he could not have obtained it sooner. Petitioner's lack of diligence is fatal to his request for equitable tolling.[4] See Dukes v. Sec'y, Fla. Dep't of Corr., No. 21-13203-C, 2022 WL 832280, at *3 (11th Cir. Feb. 9, 2022) ("[Petitioner] has not shown that he was diligently pursuing his rights because, even though he requested copies of his transcripts, he did not file his first request until May 10, 2015, which was nine months after his transcripts were misplaced."); Green v.

---

[4] For the same reason—i.e., his lack of diligence in obtaining the relevant information—Petitioner is not entitled to a later start date of the limitation period under 28 U.S.C. § 2244(d)(1)(D). Under that provision, the clock begins on "the date on which the factual predicate of [a] claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). This alternative start date "begins when the factual predicate of a claim could have been discovered using due diligence, not when it was actually discovered." Melson v. Allen, 548 F.3d 993, 999 (11th Cir. 2008), vacated on other grounds by 561 U.S. 1001 (2010). As explained above, Petitioner fails to present "some good reason why he . . . was unable to discover [the relevant] facts at an earlier date." Id.

Brooks, No. 4:19-cv-269, 2020 WL 4499957, at *2 (S.D. Ga. Aug. 5, 2020) (no equitable tolling where "petitioner waited more than two years to file a pro se request for a copy of the discovery").

Petitioner also alleges that his trial counsel "affirmatively misle[d]" him into believing that "counsel had timely filed a notice of appeal from the outset of the no contest plea." Doc. 11 at 7. But even assuming Petitioner is entitled to equitable tolling for this reason, his § 2254 Petition is still untimely. See Rutland v. Warden, Smith State Prison, 774 F. App'x 581, 583 (11th Cir. 2019) (affirming dismissal of habeas petition because "[e]ven assuming equitable tolling applies, the state is correct that [the] petition is untimely").

By January 2017, Petitioner knew that no direct appeal had been filed. In that month, he unsuccessfully petitioned for a belated appeal, alleging that counsel had ignored his request to appeal. Doc. 10-7 at 4. Thus, if equitable tolling applied, the limitation period would begin on January 31, 2017 at the latest. The clock ran for 21 days until February 21, 2017, when Petitioner filed his Rule 3.850 motion. Doc. 10-12 at 9. The clock resumed on September 15, 2017, the deadline to appeal the dismissal of the motion. Doc. 10-24 at 4; see also Hollinger, 334 F. App'x at 304. The clock ran for an additional 318 days until July 30, 2018, when Petitioner filed another Rule 3.850 motion. Doc. 10-14 at 15. The motion remained pending—and the clock was stopped—until February 24, 2021, when the mandate issued in the appeal from the denial of

8

postconviction relief. Doc. 10-20. At that point, Petitioner had 26 days—or until March 22, 2021—to seek federal habeas relief. He missed the deadline by over two years, filing his § 2254 Petition on December 4, 2023. Doc. 1 at 1.

In short, Petitioner fails to show that equitable tolling excuses the untimely filing of his Petition. Therefore, this action must be dismissed as untimely.[5]

Accordingly, it is

**ORDERED:**

1.    The Petition (Doc. 1) and this case are **DISMISSED with prejudice**.

2.    If Petitioner appeals, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[6]

---

[5] Petitioner does not seek to invoke the actual-innocence exception to AEDPA's limitation period. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).

[6] The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after

3.   The **Clerk** shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this ___18th___ day of May, 2026.

HARVEY E. SCHLESINGER
United States District Judge

TpaP-2
c:
John M. Johnson, Jr., #157446
Counsel of Record

consideration of the record as a whole, the Court will deny a certificate of appealability.

10